ing, and light fixtures built into the premises occupied by the taxpayer under a lease for 10 years.

At about Christmas during each of the years here in question the taxpayer paid a bonus of $5 to each of its employees. This bonus amounted, for 1919, to $155, and for 1920 and 1921, to $185 for each year. In determining the deficiency here in issue the Commissioner disallowed these deductions claimed by the taxpayer.

In making information returns to the Commissioner in connection with its annual return the taxpayer did not advise the Commissioner as to these payments or include them in the amount reported paid to the employees to whom payment in excess of $1,000 had been made during the year.

### DECISION.

The net income of the taxpayer during these several years should be computed by allowing 10 per cent depreciation upon furniture and fixtures of the New York office, upon the basis of the average investment therein during each of the several years, and by the further allowance of the bonuses paid to employees in the taxable years in question. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

---

## APPEAL OF E. J. BARKLOW.

Docket No. 4021. Submitted August 20, 1925. Decided February 11, 1926.

*E. J. Barklow* pro se.
*B. H. Saunders, Esq.*, for the Commissioner.

### Before LOVE.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $169.19.

### FINDINGS OF FACT.

In March, 1919, the taxpayer purchased bonds of the University Heights Farms Co., of Darby, Mont., in the amount of $5,000. A year later he purchased additional bonds from this company in the amount of $1,000. The venture was unsuccessful and the bondholders took over the property. They were also unsuccessful and, during 1923, the bonds were surrendered to the trustee, the Merchants Trust & Savings Bank, of St. Paul, Minn., the property being taken over by the creditors of the bondholders.

The creditors then organized, under the laws of Delaware, the MacIntosh-Morello Orchards, Incorporated, main office at Darby, Mont.

In the reorganization the bondholders of the University Heights Farms Co. received second preferred stock of the new company in the ratio of one share of stock of the par value of $100 to each $200 face value of the bonds.

This gave the taxpayer, for his $6,000 in bonds of the University Heights Farms Co., $3,000 par value of the second preferred stock of the MacIntosh-Morello Orchards, Incorporated.

The taxpayer claimed, and the Commissioner denied, a loss of $3,000, being the difference between the par value of the bonds and the par value of the stock received by the taxpayer in exchange for the bonds. There was no evidence of the market value of the stock.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF THOMAS PUBLISHING CO.

Docket No. 3215.    Submitted October 5, 1925.    Decided February 11, 1926.

1. In the absence of competent evidence of the value of assets transferred to a corporation in exchange for its stock, the Commissioner's determination of value will not be disturbed.

2. Deduction of an alleged worthless debt disallowed.

*Daniel F. Kelly, C. P. A.,* for the taxpayer.
*Ellis W. Manning, Esq.,* for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the years 1919 and 1920 in the amount of $3,273.39. The deficiency arises from the reduction of invested capital and the refusal to allow as a deduction an alleged bad debt.

FINDINGS OF FACT.

The taxpayer is a New York corporation and was organized in 1898 to publish trade-reference books. The entire capital stock of $25,000 was issued in exchange for five trade directories, in the form of set-up type ready for printing. The directories had been prepared by H. Ward Thomas and his assistants over a period of approximately five years prior thereto.